IN THE UNITED STATES DISCTRIC COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NANCY D. TURNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:17-CV-2142-AKK |
| ) | |
| ALABAMA AGRICULTURAL ) | |
| AND MECHANICAL UNIVERSITY ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) *et. seq.* ("Title VII"), which provides for relief against discrimination in employment on the basis of sex and race and prohibits retaliation, and 42 U.S.C. § 1981, which provides for relief against discrimination in employment on the basis of sex and prohibits retaliation. Plaintiff seeks compensatory damages, punitive damages, equitable relief, costs, attorney's fees, and requests a jury trial pursuant to 42 U.S.C. §§ 1981(a) and 1988.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4); 28 U.S.C §§ 2201 and 2202; and 42 U.S.C. § 2000(e) *et. seq*.

3. The unlawful employment practices alleged herein were committed by the Defendants within Madison County, the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C § 2000e-5(g).

4. Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. § 1981(a) and the Seventh Amendment of the Constitution of the United States.

## III. PARTIES

5. Plaintiff, Nancy D. Turner, is a female citizen of the United States and a resident of Madison County, Alabama. Plaintiff was employed by Defendant Alabama Agricultural and Mechanical University ("AAMU") at all times relevant to this Complaint.

6. Defendant, AAMU is an university located in Normal, Alabama, and is an employer within the meaning of 42 U.S.C. 2000e(a) & (b). At all times relevant to this action, AAMU has employed at least fifteen (15) or more employees and maintained operations in the Northern District of Alabama.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed two charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"); charge #420-2016-02826 and #420-2017-00321, in which she complained that Defendant AAMU

discriminated against her on the basis of her race and sex and for retaliatory discharge.

8. Plaintiff's first charge (420-2016-02826) was filed on or about July 20, 2016. A copy of the charge is attached hereto as Exhibit "A." Plaintiff's second charge (420-2017-00321) was filed on or about November 16, 2016. A copy of the charge is attached hereto as Exhibit "B." Both charges are incorporated by reference as if expressly set forth herein.

9. Plaintiff received her "Notice of Right to Sue" regarding charge #420-2016-02826 from the EEOC on or about September 21, 2017, a copy of which is attached hereto as Exhibit "C" and is incorporated by reference as if expressly set forth herein[1].

10. Plaintiff has fulfilled all conditions precedent to the institution of this action pursuant to Title VII.

11. Plaintiff has filed suit within 90 days of receipt of her Notice of Right to Sue dated September 21, 2017 and received on or about September 24, 2017.

## V. STATEMENT OF FACTS

---

[1] Plaintiff has not received her Notice of Right to Sue related to Charge #420-2017-00321 as of the date of this filing.

12. Turner, who is an African-American female, was first hired by AAMU in February of 2005 as a dispatcher in the University's Department of Public Safety ("DPS"). In July 2006, Turner became a campus police officer for AAMU.

13. In 2009, Plaintiff was subjected to a no-cause termination of her employment as an AAMU police officer.

14. In 2011, Turner reapplied and was rehired as a police officer by AAMU. In 2013, Turner was promoted to Sergeant.

15. The order of authority for ranked police officers at AAMU, from lowest to highest rank, is sergeant, lieutenant, captain, and chief.

16. During Turner's tenure as an AAMU police sergeant, Amard Martin, an African-American male, was the captain of the AAMU DPS.

17. Amongst other things, Turner, as an AAMU police sergeant was responsible for supervising police officers and other department employees in enforcement of local, state, and federal laws and in the provision of personal, real property, and equipment security throughout campus as well as supervising investigation and documentation of crimes and incidents.

18. AAMU also employs non-ranked patrol officers and investigators. Non-ranked patrol officers and investigators are not in line for ranking or oversight of ranked officers.

19. During Turner's second tenure of employment at AAMU, investigators were responsible for investigation felonies and misdemeanors that require extended investigations. The investigators worked under the guidance and discretion of the Executive Director of Public Safety and supervised criminal investigations and other investigators as assigned by the Executive Director of Public Safety.

20. On August 15, 2011, AAMU DPS hired Brian Ruble, a Caucasian male, as an investigator.

21. Ruble's position as an investigator was a non-ranked position. Ruble had no supervisory authority over Turner or any other police sergeant.

22. As a sergeant with AAMU's DPS, Turner was ranked higher than Ruble, an investigator.

23. Mid-year 2015, Ruble left AAMU's DPS.

24. Ruble returned to AAMU's DPS in November or December of 2015.

25. Upon his return, Ruble continued to work as an investigator.

26. Upon information and belief, on or about June 27, 2016, AAMU's Interim Vice President for Student Affairs, Gary B. Crosby, requested that Ruble, a non-ranked investigator who had recently returned to DPS, be promoted to Captain of Administration.

27. At the time of Crosby's request, there were no Lieutenants and five Sergeants, including Turner, in AAMU's DPS.

28. At the time of Crosby's June, 27, 2016 request, AAMU had not previously had a Captain of Administration and Captain Martin was already serving as the single captain for AAMU's DPS.

29. The Captain of Administration position was a new position at AAMU.

30. On or about July 5, 2016, Ruble was named Captain of Administration for AAMU's DPS.

31. The Captain of Administration position was not posted or advertised by AAMU for any period of time.

32. Turner would have applied for the Captain of Administration position if it had been posted and advertised by AAMU.

33. Turner complained to the Acting Chief, JesHenry Malone, an African-American male, and Captain Martin regarding AAMU's failure to post a vacancy for the Captain of Administration position and consider her for the promotion.

34. Turner believes she was discriminatorily denied the promotion to Captain of Administration by AAMU because of her race, African-American, and her sex, female.

35. When Ruble was an investigator and not in Turner's chain of command, beginning in 2015, Turner noticed that Ruble regularly interfered in her undertaking of her duties and the duties of other officers, regularly demanded to know what Turner was doing in the undertaking of her duties, questioned Turner about her work,

questioned Turner's authority to perform certain tasks, and advised Turner that she needed to keep him informed about her work.

36. Ruble continued his harassing conduct when he became the Captain of Administration and one of Turner's supervisors.

37. Turner believes Ruble harassed and created a hostile environment for her because she is a female and because she is African-American.

38. Turner made multiple written complaints to Captain Martin, both before and after Ruble was promoted to Captain, about Ruble's continued harassment, creation of a hostile work environment, and discrimination.

39. Turner told Chief Malone that she was going to file a charge of discrimination because of Ruble's continued creation of a hostile work environment, harassment, and discrimination. Turner filed a Charge of Discrimination with the EEOC on July 20, 2016.

40. Following her filing of a July 29, 2016 written complaint about Ruble, Turner was summoned to AAMU's Human Resources office to meet with Cassandra Tarver-Ross.

41. During the meeting, Tarver-Ross told Turner that Ruble was now her supervisor. Turner agreed and requested that something be done to encourage Ruble to stop harassing her and creating a hostile environment.

42. AAMU took no action to stop Ruble's harassing conduct and to end his creation of a hostile work environment.

43. On September 16, 2016, less than sixty (60) days after Turner's last written complaint, and her discussions with Tarver-Ross and Chief Malone, AAMU notified Turner that her employment was being terminated for no cause.

44. Turner believes she was wrongfully terminated in retaliation for her complaints of harassment, hostile work environment, and discrimination.

45. Defendant has intentionally discriminated against Plaintiff with total disregard for her protected rights.

## COUNT I – TITLE VII SEX DISCRIMINATION

46. Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 above as expressly set forth herein.

47. Defendant AAMU has engaged in intentional discrimination against Plaintiff on the basis of her gender in violation of Title VII.

48. Defendant AAMU subjected Plaintiff to unequal treatment regarding the term, conditions, and privileges of her employment on the basis of her gender, in willful and with malicious and reckless disregard for the rights of Plaintiff.

As a proximate result of Defendant's wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress,

pain and suffering, humiliation and loss of enjoyment of life, lost wages, and benefits.

## COUNT II – TITLE VII AND § 1981 RACE DISCRIMINATION

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 48 above as expressly set forth herein.

50. Defendant AAMU has engaged in intentional discrimination against Plaintiff on the basis of her race in violation of Title VII and 42 U.S.C. § 1981.

51. Defendant AAMU subjected Plaintiff to unequal treatment regarding the term, conditions, and privileges of her employment on the basis of her race, in willful and with malicious and reckless disregard for the rights of Plaintiff.

As a proximate result of Defendant's wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, humiliation and loss of enjoyment of life, lost wages, and benefits.

## COUNT III – TITLE VII AND § 1981 RETALIATION

52. Plaintiff realleges and incorporates by reference Paragraphs 1 through 51 above as expressly set forth herein.

53. Defendant AAMU took adverse employment action against Plaintiff because of Plaintiff's internal complaints and filing of an EEOC Charge. Defendant had knowledge of the complaints and Plaintiff's filing of an EEOC Charge and

engaged in retaliatory conduct, which began close in time to when Defendant AAMU became aware of Plaintiff's protected conduct.

54. As a proximate result of Defendant's retaliation, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, humiliation and loss of enjoyment of life, lost wages, and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court will assume jurisdiction in this action and after trial:

(A) Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant is violative of the rights of Plaintiff as secured by Title VII and § 1981.

(B) Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by reinstating her employment as a police sergeant with AAMU's DPS.

(C) Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by promoting Plaintiff to Captain or any other appropriate promotion.

(D) Award Plaintiff back pay, front pay, compensatory damages, attorney's fees, costs, and expenses.

(E) Award Plaintiff punitive damages.

(F) Grant such other and further relief as the cause of justice requires.

Respectfully submitted this 20th day of December, 2017:


*Nancy D. Turner*
Nancy D. Turner
Plaintiff
2102 Wedgewood Road NW
Huntsville, Alabama 35816
(256) 797-4803
nancy.turner64@yahoo.com


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY AS TO ALL CLAIMS TRIABLE BY JURY**


Defendant's Address:
Alabama A&M University
P.O. Box 1357
Normal, AL 35762


This document was prepared with the assistance of a licensed Alabama lawyer pursuant to Rule 1.2(c), Alabama Rules of Professional Conduct.